**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| NATIONAL PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> YAKATTACK LLC, <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff National Products Inc. ("NPI") brings this action against Defendant YakAttack LLC ("Defendant" or "YakAttack") for an injunction, damages, and other appropriate relief to stop Defendant from violating NPI's patent rights. NPI states and alleges as follows:

## THE PARTIES

1. NPI is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at 8410 Dallas Avenue S., Seattle, Washington 98108.

2. NPI is a market leader in the design, manufacture, and sale of mounting systems for fishing rods, tablets, cellular phones, and other portable devices, which are used, for example, in cars, trucks, bikes, planes, boats, and motorcycles.

3. Upon information and belief, YakAttack is a limited liability company organized and existing under the laws of the Commonwealth of Virginia having its principal place of business at 100 Industrial Park Road, Farmville, Virginia 23901.

4. Upon information and belief, Defendant is a manufacturer and distributor of boat

or kayak mounting systems for fishing rods, cameras, and other portable devices. Upon information and belief, Defendant advertises, markets, and sells its products, including the products that are the subject of the patent infringement alleged in this lawsuit, to the public throughout the United States, including within this judicial district.

## NATURE OF THE ACTION

5. This is a civil action for infringement of United States Patent No. 7,523,904 (the "'904 Patent") under the patent laws of the United States, including, without limitation, 35 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant. Upon information and belief, Defendant is a limited liability company organized under the laws of the Commonwealth of Virginia. Upon further information and belief, Defendant's principal place of business is in the Commonwealth of Virginia and in this District, at 100 Industrial Park Road, Farmville, Virginia 23901. Additionally, upon information and belief, Defendant maintains a regular and established place of business in this District, at 24601 Genito Road, Amelia Court House, Virginia 23002. This Court also has personal jurisdiction over Defendant because, upon information and belief, Defendant has committed, aided, abetted, contributed to, and/or participated in the commission of patent infringement in this District and elsewhere that led to foreseeable harm and injury to NPI.

8. Upon information and belief, Defendant sells and offers to sell its infringing products directly through its website to the public throughout the United States, including in this District. Upon information and belief, Defendant also sells and offers to sell its infringing products, or otherwise makes its infringing products available, online and through other distribution

2

channels, including in this District.

9. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b), because Defendant has a regular and established place of business in this District.

### THE '904 PATENT

10. On April 28, 2009, the '904 Patent, entitled "Locking Ratchet Base" was duly and legally issued to Jeffrey D. Carnevali. The '904 Patent is generally directed toward a ratcheting mounting device that can be used in a variety of circumstances.

11. NPI is the owner, by assignment, of all right, title, and interest in the '904 Patent, including the rights to exclude others from making, using, selling, or importing and to sue and recover damages for infringement.

12. A true and correct copy of the '904 Patent is attached hereto as <u>Exhibit A</u>.

### COUNT I
### PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 7,523,904

13. NPI realleges and incorporates by reference the allegations in paragraphs 1-12 above as if fully set forth herein.

14. Defendant has directly infringed and continues to directly infringe at least claim 1 of the '904 Patent by making, using, offering to sell, and selling within the United States and/or importing into the United States rod holders and camera mounts that infringe the '904 Patent (the "'<u>904 Accused Products</u>"), including but not limited to the Omega Pro Rod Holder with Track Mounted LockNLoad Mounting System (RHM-1002), the Omega Rod Holder with Track Mounted LockNLoad Mounting System (RHM-1001), the PanFish Portrait Pro Camera Mount (CMS-1001), and the PanFish Pro Camera Mount (CMS-1002).

15. Inspection of the Omega Rod Holder demonstrates that it meets each and every element of at least claim 1 of the '904 Patent, either literally or by the doctrine of equivalents. For

example, Defendant's website depicts the Omega Rod Holder as comprising the ratcheting mounting device of claim 1:



(https://www.yakattack.us/omega-rod-holder-with-track-mounted-locknload-mounting-system-rhm-1001/)

16.     The Omega Rod Holder depicted above is exemplary. The Omega Rod Holder includes, for example, a substantially rigid base with a first substantially planar surface extended laterally of a substantially columnar post projected above a foot portion and comprising a central aperture extended longitudinally therethrough receiving a fastener for securing the foot of the base to an external surface.

17.     The Omega Rod Holder further includes a substantially rigid ratcheting coupler formed with a second substantially planar surface and an appendage projected substantially radially therefrom and terminated in a part spherical mounting platform.

18.     The Omega Rod Holder further includes a plurality of cooperating individual radial teeth and individual radial sockets arranged between the substantially planar surfaces of the base and ratcheting coupler for orienting the surface of the ratcheting coupler relative to the surface of

the base in different stepwise angular orientations, wherein the individual radial sockets further comprise substantially identical individual pocket-shaped recesses formed into the surrounding planar surface of one of the base and ratcheting coupler, and the individual radial teeth further comprise substantially identical individual projections projected from the surrounding planar surface of a different one of the base and ratcheting coupler and substantially matched in size to the pocket-shaped recesses of the individual radial sockets.

19. Additionally, the Omega Rod Holder includes a clamping mechanism structured for constraining the planar surfaces of the base and ratcheting coupler in different angular relationships.

20. Inspection of the Panfish Portrait Pro Camera Mount demonstrates that it meets each and every element of at least claim 1 of the '904 patent, either literally or by the doctrine of equivalents. For example, Defendant's website depicts the Panfish Portrait Pro Camera Mount as comprising the ratcheting mounting device of claim 1:



(https://www.yakattack.us/panfish-portrait-pro-camera-mount-cms-1001/)

21.     The Panfish Portrait Pro Camera Mount depicted above is exemplary. The Panfish Portrait Pro Camera Mount includes, for example, a substantially rigid base with a first substantially planar surface extended laterally of a substantially columnar post projected above a foot portion and comprising a central aperture extended longitudinally therethrough receiving a fastener for securing the foot of the base to an external surface.

22.     The Panfish Portrait Pro Camera Mount further includes a substantially rigid ratcheting coupler formed with a second substantially planar surface and an appendage projected substantially radially therefrom and terminated in a part spherical mounting platform.

23.     The Panfish Portrait Pro Camera Mount further includes a plurality of cooperating individual radial teeth and individual radial sockets arranged between the substantially planar surfaces of the base and ratcheting coupler for orienting the surface of the ratcheting coupler relative to the surface of the base in different stepwise angular orientations, wherein the individual radial sockets further comprise substantially identical individual pocket-shaped recesses formed into the surrounding planar surface of one of the base and ratcheting coupler, and the individual radial teeth further comprise substantially identical individual projections projected from the surrounding planar surface of a different one of the base and ratcheting coupler and substantially matched in size to the pocket-shaped recesses of the individual radial sockets.

24.     Additionally, the Panfish Portrait Pro Camera Mount includes a clamping mechanism structured for constraining the planar surfaces of the base and ratcheting coupler in different angular relationships.

25.     As a direct and proximate consequence of Defendant's infringement of the '904 patent, NPI has suffered irreparable harm, and NPI will continue to suffer irreparable harm in the future unless Defendant is enjoined from infringing the '904 Patent.

26. Defendant has had actual knowledge of the '904 Patent and its infringement thereof since at least April 26, 2020. Upon information and belief, Defendant's continued infringement of the '904 Patent is willful.

## PRAYER FOR RELIEF

WHEREFORE, NPI prays for the following relief:

a. A judgment that Defendant has infringed the '904 Patent;

b. An order preliminarily and permanently enjoining and restraining Defendant, its officers, directors, agents, servants, employees, licensees, attorneys, and all other persons acting under or through them, directly or indirectly, from infringing the '904 Patent;

c. A judgment and order requiring that Defendant pay damages under 35 U.S.C. § 284, with prejudgment and post-judgment interest;

d. A judgment that Defendant's infringement has been willful, and a three-fold increase in damages;

e. A judgment and order directing Defendant to pay the costs of this action, including all disbursements and attorney fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

f. Such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

NPI hereby demands a trial by jury of all issues so triable.

Dated:  July 13, 2020                                              Respectfully submitted,


                                          HUNTON ANDREWS KURTH LLP

                                        By: /s/ Stephen P. Demm
                                              Stephen P. Demm (VSB No. 30534)
                                              Email:  sdemm@hunton.com
                                              Matthew Nigriny (VSB No. 85548)
                                              Email:  mnigriny@hunton.com
                                              Riverfront Plaza, East Tower
                                              951 East Byrd Street
                                              Richmond, Virginia 23219
                                              Telephone:  804.788.8331
                                              Facsimile:  804.344.7999

                                        *Attorneys for Plaintiff National Products Inc.*


*Of counsel:*
David K. Tellekson
Email:     dtellekson@fenwick.com
Jonathan T. McMichael
Email: jmcmichael@fenwick.com
Jonathan G. Tamimi
Email: jtamimi@fenwick.com
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, Washington 98101
Telephone:     206.389.4510
Facsimile:     206.389.4511